UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE RAKOFF

| | |
|---|---|
| JENICA MARTIN, DANIEL YAHRAES, CHARLES DUDLEY, CHARLES NASSIF, and NECHESA MORGAN, on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br>- against -<br><br>RESTAURANT ASSOCIATES EVENTS CORP., and COMPASS GROUP USA, INC.,<br><br>                      Defendants. | **ECF CASE**<br>Civil Action No. 11 CIV 2345<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Jenica Martin, Daniel Yahraes, Charles Dudley, Charles Nassif, and Nechesa Morgan ("Plaintiffs"), individually and on behalf of all others similarly situated, through their undersigned attorneys, for their Class Action Complaint against Defendants Restaurant Associates Events Corp. and Compass Group USA, Inc. (collectively, the "Defendants") allege, upon information and belief, except as to the allegations that pertain to Plaintiffs which are based upon personal knowledge, as follows:

## NATURE OF THE ACTION

1.    This is a class action brought on behalf of a class of persons currently and formerly employed as catering service employees by Defendants at various venues (the "Venues") in the state of New York, including but not limited to: American Museum of Natural History, Brooklyn Museum, Carnegie Hall, City Center, Cooper Hewitt, National Design Museum, City University of New York, Intrepid Sea, Air and Space Museum, Lincoln Center (Alice Tully Hall, Avery Fisher Hall, Kaplan Penthouse, New York State Theater and The Tent), Metropolitan Museum of Art, the Metropolitan Opera at Lincoln Center, The Morgan Library &

Museum, New York Academy of Sciences, New York University Torch Club, Solomon R. Guggenheim Museum, Time & Life Building, Time Warner Center and TheTimesCenter (New York Times). Defendant Restaurant Associates is the provider of catering services for corporate, social and fundraising events held at the Venues. This action arises out of Defendants' failure to pay Plaintiffs and the Class (defined below) the percentage service charge (the "Service Charge") they routinely charge patrons or customers for all food, drink and service labor provided at hundreds of catered events held during the previous six years.

2. Though a reasonable customer would believe that the Service Charge was in fact a gratuity for Plaintiffs and the Class, Defendants have failed to pay the Service Charge to Plaintiffs and the Class and instead retain the money for their own benefit in violation of New York Labor Law (the "NYLL"), Article 6, § 196-d. The New York Court of Appeals has ruled that this practice violates the NYLL. Samiento v. World Yacht Inc., 10 N.Y.3d 70 (2008). This ruling applies retroactively. Ramirez v Mansions Catering, Inc., 905 N.Y.S.2d 148 (1st Dep't 2010). Plaintiffs seek damages, interest, costs and attorneys' fees, as well as liquidated damages on their own behalf and on behalf of all others similarly situated.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d). The amount in controversy exceeds $5 million, exclusive of interest and costs. The Class consists of more than one hundred class members. The parties are diverse. At least one member of the Class is a citizen of a state different from any of the Defendants.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2), as the unlawful practices complained of occurred at the Venues, many of which are located within the Southern

District of New York and one of the defendants is a New York corporation with offices in this district.

## THE PARTIES

**The Plaintiffs**

5. Plaintiff Jenica Martin is a resident of West New York, New Jersey. She has been employed as a catering service employee for Defendants since 2008.

6. Plaintiff Daniel Yahraes is a resident of Queens, New York. He has been employed as a catering service employee for Defendants since 1999.

7. Plaintiff Charles Dudley is a resident of New York, New York. He was employed as a catering service employee for Defendants from 2002 through approximately 2006.

8. Plaintiff Charles Nassif is a resident of New York, New York. He was employed as a catering service employee for Defendants from 1996 through December 2010.

9. Plantiff Nechesa Morgan is a resident of Brooklyn, New York. She has been employed as a catering service employee for Defendants since 2006.

10. At all relevant times each of the Plaintiffs has been an employee within the meaning of the NYLL.

**The Defendants**

11. Defendant Restaurant Associates Events Corp. ("Restaurant Associates") is a New York corporation with its principal place of business at 330 Fifth Avenue, 5th Floor, New York, New York. Restaurant Associates is a subsidiary of Compass Group USA, Inc. With regard to the Plaintiff and the Class, Restaurant Associates, among other things, hires, fires, disciplines, assigns work, grants time-off and sets dress policies.

3

12. At all relevant times Restaurant Associates has been an employer and/or joint employer of the Plaintiffs and the Class within the meaning of NYLL.

13. Defendant Compass Group USA, Inc. (the "Compass Group") is incorporated in the State of Delaware and has a principal place of business in the State of North Carolina. Plaintiffs and the Class were paid by and received paychecks from the Compass Group. The parent company of Compass Group, UK-based Compass Group PLC had revenues of £13.4 billion in the year ended September 30, 2009. In 2007, Compass Group PLC, was named the world's 13th largest employer by *Fortune* magazine.

14. At all relevant times Compass Group has been an employer and/or joint employer of the Plaintiffs and the Class within the meaning of NYLL.

## CLASS ACTION ALLEGATIONS

15. Plaintiffs bring their Claim as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class (the "Class"), consisting of:

> All persons who work or worked as catering service employees at the Venues for Restaurant Associates Events Corp. and/or Compass Group USA, Inc. at any time six years prior to the filing of this action through the entry of judgment in this action. Excluded from the Class are the named defendants, any corporations, partnerships, or other entities affiliated with them.

16. The Class is so numerous that joinder of all members is impracticable. The exact number of the Class members is unknown to Plaintiffs at this time but it is believed to be hundreds of persons. The identity of the Class members is known to Defendants and is contained in the employment records that they are required to create and maintain as a matter of state and federal law.

17. Plaintiffs' claims are typical of the claims of the other members of the Class as Plaintiffs and all other members of the Class sustained damages arising out of Defendants' conduct in violation of state laws as complained of herein. Plaintiffs will fairly and adequately

protect the interests of the members of the Class and have retained counsel competent and experienced in complex class action litigation. The Class members work, or have worked, for Defendants as catering service employees; enjoy the same statutory rights and protections under the NYLL; and have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

18. Plaintiffs have no interests that are contrary to or in conflict with those of the other members of the Class.

19. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

20. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members. Among the questions of law and fact common to the Class are:

    a. Whether the NYLL was violated by Defendants' acts as alleged herein;

    b. Whether Defendants improperly accepted and/or retained the Service Charges charged to and paid by patrons at the Venues;

    c. Whether Defendants had any good faith basis for failing to pay all wages due including the Service Charge; and

    d. Whether the members of the Class have sustained damages and, if so, the proper measure of such damages.

21. Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein. Treating this as a class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that

numerous individual actions would entail. As a practical matter, absent a class action, there will be no lawsuits to recover the misappropriated gratuities due to Plaintiffs and the Class because the amounts due and owing to each class member are too small to warrant the filing of individual litigation. Moreover, class members would be reluctant to file individual claims for fear of retaliation. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from records that Defendants are legally required to maintain.

22. Without a class action, Defendants will likely retain the benefit of their wrongdoing and will continue a course of action that will result in further damages to Plaintiffs and the members of the Class.

## FACTUAL ALLEGATIONS

23. Restaurant Associates is a full service catering company that frequently serves some of New York City's most prominent special events, such as the re-opening of Alice Tully Hall and Fashion Week. Restaurant Associates is the exclusive caterer for many if not all of the Venues. It provides catering services to museums, performing arts centers, aquariums, corporate dining and educational facilities in the state of New York.

24. Plaintiffs and the Class are persons currently and formerly employed as catering service employees by Defendants at the Venues.

25. When Defendants contract with customers to cater events, Defendants charge these customers the Service Charge. The Service Charge is a percentage ranging from 15% to 20% of all charges billed to customers including, but not limited to, food, beverage and service labor.

26. For example, several of Restaurant Associates' sample catering menus for the New York Academy of Sciences stated that a 20% service charge would be charged on all food and drink and service labor:

> BASED ON A MINIMUM OF 25 GUESTS FOR THE BOARD ROOM AND CONFERENCE ROOM AND 75 GUESTS FOR THE AUDITORIUM, MENU AND LABOR INCLUSIVE.  20% SERVICE CHARGE AND 8.375% NYC TAX APPLY.

(emphasis in original).

27. Additionally, as recently as September 2010 and February 2011, Restaurant Associates' "Hospitality Drop-off Order Forms" for providing catering and waitstaff for hospitality suites and lounges at New York City's Fashion Week events held in Lincoln Center stated that a 15% service charge would be applied to all orders. The September 2010 order form contained a checklist of the various catered food that Restaurant Associates provided to its customers as well as a miscellaneous category listing "Service Labor (1 Captain, 1 Bartender, 1 Butler)" provided by Restaurant Associates to serve the catered food. The September 2010 order form then totaled all of the food and services provided by Restaurant Associates and applied a 15% service charge to the whole amount. Each of these order forms, regularly used by Restaurant Associates, did not contain any statement notifying customers that the 15% service charge was not a gratuity. The September 2010 order form is attached hereto as Exhibit A.

28. At all relevant times, Defendants have failed to disclose to customers that the Service Charge, or any part of it, is being retained by Defendants and that the service charge is not a gratuity or a tip. Defendants, therefore, lead their customers to reasonably believe that the Service Charge will go to Plaintiffs and the Class.  Defendants unilaterally retain all or

virtually all of the Service Charge and share none or virtually none of it with Plaintiffs and the Class.

29. In addition to their own failure to disclose that the service charge is not a gratuity or tip, Defendants have prevented Plaintiffs and the Class from doing so. Plaintiffs and the Class may be terminated for discussing gratuities with a customer. Also, pursuant to the Restaurant Associates Catering Service Employee Handbook, Plaintiffs and the Class cannot accept a gratuity even if it is offered to them. Section 3.8 of the Handbook, titled "Gifts and Gratuities," states that an "employee of Restaurant Associates may not solicit any gift(s) nor accept any gift(s)." Section 3.8 of the Handbook also prohibits the placement of "tip trays . . . on any bar, coat check table, etc." Because Plaintiffs and the Class are prohibited from accepting gratuities, a reasonable customer would believe that the Service Charge is a gratuity.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### New York Labor Law Article 6, 196-d
### Unlawful Retention of Gratuities

30. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

31. During the Class Period, Defendants imposed the Service Charge at the Venues. Defendants failed to notify their customers that the Service Charge was not a gratuity and was not paid to Plaintiffs and the Class. At no time did Defendants provide clear written notice to their customers, on the bills presented for payment, that the Service Charge was not a gratuity. A reasonable customer would likely believe the Service Charge was a gratuity intended for Plaintiffs and the members of the Class.

32. The Service Charges were "gratuities" under NYLL, Article 6, Section 196-d.

33. Plaintiffs and the Class are entitled to recover from Defendants the Service Charge, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

34. Because Defendants have willfully violated NYLL Article 6, Section 196-d, Plaintiffs and the Class are entitled to liquidated damages under the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class, respectfully request that this Court grant the following relief:

A. An order certifying the case as a class action pursuant to Federal Rule of Civil Procedure 23 for the class of employees described herein, certifying Plaintiffs as the class representatives and designating Plaintiffs' counsel as Class counsel;

B. Judgment for Plaintiffs and the Class members for all statutory, compensatory, liquidated and consequential damages, or any other damages authorized by law or equity, sustained as a result of Defendants' unlawful conduct for which Defendants are jointly and severally liable, as well as prejudgment and post-judgment interest;

C. An award to Plaintiffs and each member of the Class for their reasonable attorneys' fees, costs and expenses incurred in this litigation; and

D. Any and all other relief which the Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: New York, New York
April 6, 2011

ABBEY SPANIER RODD & ABRAMS, LLP

By: /s/ Judith L. Spanier
Judith L. Spanier
jspanier@abbeyspanier.com
Orin Kurtz
okurtz@abbeyspanier.com
212 East 39th Street
New York, New York 10016
Telephone: 212-889-3700

LAW OFFICES OF MITCHELL SCHLEY, LLC
Mitchell Schley, Esq.
mschley@schleylaw.com
245 Park Avenue, 24th Floor
New York, New York 10167
(212) 672-1848

**Attorneys for Plaintiffs**